FRED J. KNEZ, ESQ SBN 94038
ANDREW J. KNEZ, ESQ. SBN 296894
MATTHEW J. KNEZ, ESQ. SBN 30070
KNEZ LAW GROUP, LLP
6780 Indiana Avenue, Suite 150
Riverside CA 92506
Telephone: (951) 742-7681
Facsimile:  (951) 742-7685
Email:      info@knezlaw.com


Attorneys for Defendants, HAROLD
RODGERS, an individual; JOHN
PATRICK HULLEMAN, an individual;
FIRE SPRINKLER SYSTEMS, INC.; and
THORPE DESIGN, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE VIKING CORPORATION; VIKING GROUP, INC.; and SUPPLY NETWORK, INC., | CASE No.: 5:16-CV-02581 |
| Plaintiffs, | Honorable Consuelo B. Marshall Courtroom 8B |
| v. | |
| HAROLD RODGERS, an individual; JOHN PATRICK HULLEMAN, an individual; FIRE SPRINKLER SYSTEMS, INC.; and THORPE DESIGN INC., | **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** |
| Defendants. | **[Fed. Rule of Civ. Pro. 12(b)(6)(7) and 13(a)]** |
| | *(Filed concurrently with Request for Judicial Notice)* |
| | DATE:  March 14, 2017 |
| | TIME:   10:00 a.m. |
| | COURTROOM: 8B |
| | Complaint Filed: December 19, 2016 |

**PLEASE TAKE NOTICE** that on March 14, 2017 at 10:00 a.m., before the Honorable Consuelo B. Marshall, in Courtroom 8B of the United States District Court, Central District of California, located at First Street Courthouse, 350 W. 1st Street, Courtroom #8B, 8th Flr, Los Angeles CA 90012, Defendants HAROLD RODGERS, an individual; JOHN PATRICK HULLEMAN, an individual; FIRE SPRINKLER SYSTEMS, INC.; and THORPE DESIGN, INC. (hereinafter collectively referred to as "DEFENDANTS"), will and hereby do move the Court for an order dismissing the First Amended Complaint for Violation of the Lanham Act, U.S.C. § 1125(a) (Doc. #11) pursuant to Rule 12(b)(6) and Rule 13(a).

Pursuant to Local Rule 7-3, on January 11, 2017, counsel for DEFENDANTS, Fred J. Knez, called counsel for Plaintiffs, THE VIKING CORPORATION; VIKING GROUP, INC., and SUPPLY NETWORK, INC., (hereinafter collectively referred to as "VIKING"), in an attempt to meet and confer.   Following multiple communications, VIKING's counsel agreed to withdraw all claims but the first claim under the Lanham Act and thereafter filed a First Amended Complaint on January 17, 2017.

As set forth in the accompanying Memorandum of Points and Authorities, there is good cause for the relief requested.  First, VIKING's claims are compulsory based on the underlying suits because they arise from the same occurrences as in the

---

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

1  underlying suits, and therefore VIKING failed to timely counterclaim.  Second,

2  VIKING fails to state a claim for which relief can be sought.  Third, the alleged

3
4  defamatory statements are constitutionally protected.

5      This Motion is based on this Notice of Motion and Motion, the accompanying

6  Memorandum of Points and Authorities, the pleadings and papers filed in this action,

7
8  the underlying suits filed by Defendant FIRE SPRINKLER SYSTEMS, INC. against

9  VIKING, and by Defendant THORPE DESIGN, INC. against VIKING, and such

10
11 further argument and matters as may be offered at the time of the hearing of this

12 Motion.

13

14 DATED:      February 3, 2017         KNEZ LAW GROUP, L.L.P.

15

16                                     By:   _/s/ Fred J. Knez_____
                                             FRED J. KNEZ
17                                           ANDREW J. KNEZ
18                                           MATTHEW J. KNEZ

19                                     Attorneys for Defendants, HAROLD
20                                     RODGERS, an individual; JOHN PATRICK
                                       HULLEMAN, an individual; FIRE
21                                     SPRINKLER SYSTEMS, INC.; and THORPE
                                       DESIGN, INC.

22

23

24

25

26

27

28

---

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

# TABLE OF CONTENTS

Page(s)

I.     INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

II.    LEGAL STANDARD FOR MOTION TO DISMISS. . . . . . . . . . . . . .   3

III.   ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

    a.  Plaintiff's Claims Are Compulsory Because They Arise
        Out of the Underlying State and Federal Cases. Fed.R.Civ.Proc,
        Rule 13. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

    b.  The VIKING Plaintiffs Fail to State Facts Sufficient to State
        A Claim Because Each Claim is Based on Statements of
        Opinion by DEFENDANTS and are Constitutionally Protected. . . . .   10

    c.  The VIKING Plaintiffs Fail to State Facts Sufficient to State a
        Claim Because DEFENDANTS Are Immune Under the
        Litigation Privilege. C.C.P.§ 47(b). . . . . . . . . . . . . . . . . . . . . . . . .   13

        i.   The statements were made in the initiation and course of a judicial
              proceeding in the underlying suits. . . . . . . . . . . . . . . . . . . . . . .   13

        ii.  The statements made were statements of opinion and therefore
              Are absolutely privileged. . . . . . . . . . . . . . . . . . . . . . . . . . . . .   14

    d.  The VIKING Plaintiffs Fail to State Facts Sufficient to State a Claim
        Because DEFENDANTS Are Protected by the Common Interest
        Privilege. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   14

        i.   VIKING's allegations show that DEFENDANTS' communications
              are privileged. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   14

        ii.  VIKING has not sufficiently alleged malice to overcome the
              common interest privilege. . . . . . . . . . . . . . . . . . . . . . . . . . . . .   16

    e.  Plaintiff Has Not Pled Facts To Support Any Form of Injunctive
        Relief. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   18

IV.    CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    19

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

Page(s)

**CASES:**

Align Tech., Inc v Tran, 179 Cal App 4th 949, 965-66.........................................6

Albright v. Gates, 362 F. 2d 928, 929 (9th Cir. 1966).........................................6

AMF Corporation v. Corporate Aircraft Management, 626 F. Supp. 1533
    (D. Mass. 1985)................................................................................16, 17

Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1973, 173 L. Ed. 2d
    868 (200).........................................................................................4

Balistreri v. Pacifica Police Dep't, 901 F 2d 696, 699 (9th Cir. 1990) ...............4

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955,
    167 L. Ed. 2d 929 (2007).................................................................4

Bradley v. Hartford Acc. & Indem. Co., 30 Cal. App. 3d 818, 825
    (Cal. App. 1973) ...........................................................................13

Burnett v. National Enquirer, Inc., 144 Cal. App. 3d 991, 1007-08
    (Cal. App. 1993) ...........................................................................16

Branch v. Tunnell, 14 F. 3d 449, 454 (9th Cir. 1994) ...........................................5

Chamilia, LLC  v. Pandora Jewelry, LLC, 85 U.S.P.Q. 2d 1169
    (2nd Cir. 2007) ..............................................................................16

Coast Abstract Serv. V. First Am Title Ins. Co., 173 F. 3d 725, 735
    (9th Cir. 1999)................................................................................14

Deaile v. General Telephone Co. of California, 40 Cal. App. 3d 841
    (Cal. App. 1974) .......................................................................13, 14

During v. First Boston Corp., 815 F. 2d 1265, 1267 (9th Cir. 1987) .................4

Family Home & Finance Center, Inc. v. Federal Home Loan Mortgage
    Corporation, 525 F. 3d 822, 826-27 (9th Cir. 2008).............................. 14, 16

Flotech, Inc. V. E.I. Du Pont de Nemours & Co., 814 F. 2d 775
    (1st Cir. 1987) .......................................................................... 15

Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542,
    1555 n.19 (9th Cir. 1990)...................................................... 4, 5

Hofmann Co. v. E.I. du Pont de Nemours & Co., 202 Cal. App. 3d 390,
    397 (Cal. App. 1988) ....................................................... 10, 11

Holden v. Hagopian, 978 F. 2d 1115, 1121 (9th Cir. 1992)................................. 4

Ira Green, Inc. v. J.L. Darling Corp.,No. 3:11-cv-05796-RJB
    WL 4793005 at 31 (W.D. Wash. Oct 9, 2012)............................................ 15

Izzi v. Rellas, 104 Cal. App. 3d 254, 261 (Cal. App. 1980)............................ 13

Mack v. South Bay Beer Distributors, Inc., 798 F. 2d 1279,
    1282 (9th Cir. 1986)........................................................................ 5

Maidman v. Jewish Publications, Inc., 54 Cal. 2d 643 (Cal. 1960) ................ 14

Moore v. New York Cotton Exchange, 270 U.S. 593, 610 (1926) ................... 6

N. Star Int'l V. Ariz. Corp. Comm'n, 720 F 2d 578, 581 (9th Cir.1983)......... 3,4

Nichols v. Great American Ins. Companies, 169 Cal. App. 3d 766
    (Cal. App. 1985) ...................................................................... 11

Parks Sch. Of Bus. v. Symington, 51 F. 3d 1480, 1484 (9th Cir 1995) .............. 4

Pochiro v. Prudential Ins Co. of America, 827 F. 2d 1246, 1249
    (9th Cir 1987)........................................................................ 6, 7

Radar v Thrasher, 22 Cal. App. 3d 883 (Cal.App. 1972)................................. 14

Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393,
1401 (9th Cir 1986).......................................................................... 5

Sprewell v. Golden State Warriers, 266 F. 3d 979, 988 (9th Cir. 2001) ............. 4

Twyford v. Twyford, 63 Cal. App. 3d 916, 925 (Cal. App. 1976)................... 13

United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966)................................ 5

**STATUES:**

California Code of Civil Procedure § 47 ........................................................... 14

California Code of Civil Procedure § 47(b) ..................................................... 13

California Code of Civil Procedure §47(c)........................................................ 14

California Code of Civil Procedure §425.16(b) ................................................. 1

Federal Rules of Civil Procedure 12(b)(6) ........................................................ 3

Federal Rules of Civil Procedure 13.................................................................. 5

Federal Rules of Civil Procedure 13(a) ............................................................. 5

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Following the meet and confer communications, VIKING agreed to file a First Amended Complaint and thereby dismissed all of their State actions because DEFENDANTS took the position that those State claims were subject to the Anti-SLAPP statute under California Code of Civil Procedure section 425.16(b) ["Anti-SLAPP"].  VIKING would not agree to dismiss the first claim under the Lanham Act. DEFENDANTS therefore bring the instant Motion to Dismiss.

As discussed more fully below, VIKING's artfully crafted First Amended Complaint fails to disclose to the Court the numerous cases now pending against VIKING regarding the defects of the VK457 residential sprinkler head and the consequences thereof.  Filed concurrently herewith, is a Request for Judicial Notice of numerous complaints now pending against VIKING throughout California with regard to VIKING's VK457 sprinkler head and activations of the sprinkler head. These various complaints now pending are in addition to other claims that have already been filed and resolved.  Additionally, there are multiple cases outside the State of California including *Mid-Century Insurance Co vs The Viking Corporation* in Maricopa County Superior Court in Arizona, Case No: CV2016-050919 and *Edgewater Family Trust v Lang Plumbing & Viking Automatic Sprinkler* in Clark

County, Nevada, Case No: A738444.  Collectively, these cases explain who the parties are, their relationship to VIKING and why they are suing VIKING.

Contrary to the impression created by the language used in the First Amended Complaint, VIKING is suing its own customers, DEFENDANTS herein. VIKING's complaints of disparagement regarding its VK457 concern communications by DEFENDANTS to other installers and/or to DEFENDANTS' customers, the builders.  The various complaints set forth in the Request for Judicial Notice also make clear the process by which the claims have come forth.  A homeowner suffers an activation of a VK457 and makes a claim to the homeowner's insurance carrier. The insurance company pays the homeowner's claim and then brings a subrogation action.  Multiple subrogation cases are now pending against the parties in the instant case, both VIKING and DEFENDANTS.

Although the Court is required to assume the truth of the allegations in the complaint, the Court is not required to accept as true those allegations that are conclusory in nature or contradicted by matters presented to the Court on a Request for Judicial Notice. (*See authorities cited below*).  As discussed further below, there are numerous allegations that are contradicted by the facts in the numerous complaints now pending against VIKING regarding its defective VK457 sprinkler head.  Notably, for instance, is VIKING's allegation that installer Millennium Fire

Protection Company ceased purchasing products in 2016 because of the alleged communications by DEFENDANTS.  However, Millennium is actually bringing suit against VIKING for its defective sprinkler head.  (Request for Judicial Notice, Exhibit 11).  In Millennium's complaint, the installer alleges that the VK457 sprinkler head is defective in both design and manufacture.  (*Ibid*, p. 6).  Clearly, VIKING has not disclosed the multiple lawsuits now pending against VIKING regarding the VK457 sprinkler head because those lawsuits are brought by VIKING's customers and they are claiming the VIKING sprinkler head is defective and flooding people's homes.

DEFENDANTS believe the instant lawsuit was brought by VIKING after DEFENDANTS communicated their opinion regarding the cause for the activations to Fire Marshals investigating the cause for the activations of VIKING VK457 sprinkler heads.  DEFENDANTS believe the instant case is nothing more than an attempt to impose a gag-order on DEFENDANTS and violate DEFENDANTS' right to free speech.

## II.    LEGAL STANDARD FOR MOTION TO DISMISS

A complaint must state a claim upon which relief may be granted, and failure to do so is grounds for dismissal. Fed. R. Civ. P. 12(b)(6).  "The purpose of a motion

to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir.1983). A complaint may be legally insufficient because it lacks a cognizable legal theory or because it fails to allege facts that would support a valid theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). The allegations must state a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  The Court is not required to "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

In ruling on a Rule 12(b)(6) motion, a court takes "all allegations of material fact as true and construe[s] them in the in the light most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  Factual allegations may be disregarded if contradicted by documents to which the court may properly refer. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). Conclusory allegations, unsupported by the facts alleged, need not be accepted as true. *Holden v. Hagopian,* 978 F.2d 1115, 1121 (9th Cir. 1992).

A district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).  However, material which is properly submitted as part of the complaint may, however, be considered. *Id.* In addition, documents specifically referred to in a complaint, though not physically attached to the pleading, may be considered where authenticity is unquestioned. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Finally, the Court may take judicial notice of matters of public record. *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

Leave to amend a complaint may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possible cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

## III.   ARGUMENT

### a.   Plaintiff's Claims Are Compulsory Because They Arise Out of the Underlying State and Federal Cases. Fed. R. Civ. Proc., Rule 13.

A defendant is required to raise as a compulsory counterclaim any claim that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim. . .." Fed. R. Civ. P. 13(a).  Federal courts may assert jurisdiction to

consider state-law claims sharing a "common nucleus of operative fact" with federal claims, "such that [a plaintiff] would ordinarily be expected to try them in one judicial proceeding." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

To determine whether two claims arise out of the same transaction or occurrence, both federal courts and California courts apply the liberal "logical relationship" test. *See Moore v. New York Cotton Exchange*, 270 U.S. 593, 610 (1926); *see also Pochiro v. Prudential Ins. Co. of America*, 827 F.2d 1246, 1249 (9th Cir. 1987); *see also Align Tech., Inc. v. Tran*, 179 Cal.App.4th 949, 965-66. The liberal "logical relationship" test attempts to analyze whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit. *Pochiro*, 827 F.2d at 1249.

With regard to claims based on defamatory statements made before and after the filing of a complaint, such claims are compulsory. *Pochiro*, 827 F.2d at 1251 (providing that defamation counterclaims concerning statements made both before and after the filing of an action as compulsory). Additionally, any defamation claims arising after the action was filed would have been merely one in a series of the same occurrence. *Id*. at 1251, n. 9. As long as the statements are "sufficiently related to

the subject matter of the original action, they may be barred as compulsory counterclaims." *Id.* citing *Albright v. Gates*, 362 F.2d 928, 929 (9th Cir. 1966).

In *Pochiro*, an insurance company was suing a former employee and his wife in Arizona state court based on the employee using confidential customer information for his competing business. The employee counter sued in Arizona state court for defamation based on statements related to the first suit brought by the insurance company. The case was removed to the federal district court, and the insurance company sought to dismiss the defamation case as compulsory claims. The district court found that the defamation claims were compulsory and granted the dismissal. On appeal, the Ninth Circuit Court found that not only did the facts to prove the two claims substantially overlap, but there would be a collateral estoppel effect if the insurance company prevailed in the original suit since it would preclude the employee from denying the truth of the statements which formed the basis of the defamation claim. *Pochiro*, 827 F.2d at 1251.

Similar to the instant action, VIKING has brought claims based on alleged statements made by DEFENDANTS regarding the premature activations of the VK457 and the cause of those activations which is the subject matter of the original suits filed by DEFENDANTS against VIKING. (Doc. #11, VIKING First Amended Complaint). Specifically, Defendant FIRE SPRINKLER SYSTEMS, INC. suit

against VIKING in the California Superior Court, seeks recover of damages for

product liability claims, breach of warranty claims, as well as indemnity based on the

defective and faulty VK457 fire sprinklers designed, manufactured, and distributed

by VIKING. (Request for Judicial Notice, Exhibit 1, FSS v. VIKING Complaint,

Case No: RIC1504932).  Similarly, Defendant THORPE DESIGN, INC., has brought

the same exact claims on the same exact theories against VIKING in United States

District Court – Northern District. (Request for Judicial Notice, Exhibit 4 THORPE

v. VIKING, First Amended Complaint, Case No. 3:15-cv-03324-EDL).

VIKING's claim in the instant action is based on the following:

1)    On December 17, 2014, Defendant RODGERS allegedly sent a "mass

group email" to homebuilders "containing false and misleading

information about the alleged causes of certain VK457 activations."

(Doc. #11, VIKING First Amended Complaint, 3:6-9).

2)    In October of 2015, VIKING learned Defendant RODGERS allegedly

told homebuilders that the "VK457 product was defective." (Doc. #11,

VIKING First Amended Complaint, 4:6-9).

3)    In December of 2015, Attorney Knez (counsel of record for FSS and

THORPE in the underlying suits) allegedly communicated false

information about VIKING's products to Triangle Fire Systems Limited

in the United Kingdom (Doc. #11, VIKING First Amended Complaint, 4:21-23).

4)   On March 8, 2016, DEFENDANTS' attorney allegedly sent a mass mailing to "unknown" developer-builders allegedly containing false and disparaging information. (Doc. #11, VIKING First Amended Complaint, 4:24-5:6).

5)   In March of 2016, DEFENDANTS allegedly sent false and disparaging information about VIKING products to UL. (Doc. #11, VIKING First Amended Complaint, 6:12-19).

6)   On November 18, 2016, Defendant HULLEMAN and Attorney Knez distributed material about the "Viking VK457 Activations Without Fire: Expert Analysis and Facts of Product Defects" to various persons and individuals, including the Northern California Fire Marshal's Association.  (Doc. #11, VIKING First Amended Complaint, 6:20-26).

Needless to say, DEFENDANTS' dispute VIKING's allegations regarding the falsity of their communications.  However, from the face of the First Amended Complaint and the Complaints now pending against VIKING (*see* Request for Judicial Notice), there can be no dispute that VIKING's claims concern communications between DEFENDANTS and their customers (builders) or DEFENDANTS' competitors

(other installers) or public or quasi-public organizations such as the Fire Department or Underwriters Laboratories ["UL"].

It is also beyond dispute that the alleged communications concern DEFENDANTS' opinions regarding the premature activations of the VK457 sprinkler head, the causes for those activations, etc. and that all of those communications are the subject matter of the multiple lawsuits now pending against VIKING including the two lawsuits being brought by DEFENDANTS herein.

As reflective in the statements alleged by VIKING which form the basis of VIKING's claims against DEFENDANTS, all of the statements concern the VK457 activations and the cause of the activations which is the subject matter of underlying suits against VIKING for products liability, breach of warranty and indemnity. The same facts to prove VIKING's claims against DEFENDANTS are so logically connected to the facts in the underlying suits, such that the same facts will be used to prove each claim in the underlying suit, and therefore VIKING's claims are compulsory. *Pochiro*, 827 F.2d at 1251.   *The pleadings set forth in the Request for Judicial Notice reflect the numerous times VIKING could have brought the instant claims.*

//

/

### b. The VIKING Plaintiffs Fail to State Facts Sufficient to State a Claim Because Each Claim is Based on Statements of Opinion by DEFENDANTS and are Constitutionally Protected.

Whether a statement is a fact or opinion is a question of law. *Hofmann Co. v. E.I. du Pont de Nemours & Co.*, 202 Cal.App.3d 390, 397 (Cal.App. 1988). In determining whether a statement is fact or opinion, the court must put itself in the place of an average reader and determine the natural and probable effect of the statement, considering both the language and the context. *Id.* at 398. Where the statement is ambiguous or susceptible of an innocent meaning, it is incumbent upon the plaintiff to plead the facts showing its defamatory meaning. *Nichols v. Great American Ins. Companies*, 169 Cal.App.3d 766 (Cal.App. 1985).

VIKING has not alleged any statements that are statements of fact because the communications and statements concern DEFENDANTS' opinions regarding the cause of the VK457 premature activations. Furthermore, the statements are related to the risk of ongoing activations, and an expert opinion as to the cause of the activations. The opinions expressed by DEFENDANTS directly challenge VIKINGS own statements regarding improper installation by DEFENDANTS and excessive heat. DEFENDANTS' allegations merely offer an alternative opinion. Furthermore, some communications relate to DEFENDANTS concern for its customers in avoiding future damage caused by future premature activations.

---

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

1    Specifically, the communication referenced by VIKING at paragraph 14 of the

2    First Amended Complaint specifically acknowledges DEFENDANTS' concern for

3
     future activations until a determination can be made regarding the cause for the
4

5    premature activations and then quotes from VIKING'S own report regarding a

6    potential "excessive heat" issue of the VK457 sprinkler head.

7
8    VIKING does not dispute the fact of VK457 activations; VIKING only

9    disputes the opinion as to the cause of the activations and RODGERS opinion that the

10
     product is defective.  Moreover, the very language employed by VIKING in its
11

12   complaint reflects the opinion nature of the subject matter.  At paragraph 20a,

13
     VIKING alleges that there has not been a design change because the VK456 or
14

15   VK457 have different Underwriter Laboratories listings. Clearly, this is an opinion.

16   Likewise, VIKING alleges that in its opinion there has not been a reduction in the

17
     size of the link from the VK456 to the VK457.   At paragraph 20c VIKING disputes
18

19   the allegations that the Viking VK457 has a smaller link than the VK456.  The

20
     allegations at paragraph d are taken out of context but nevertheless, VIKING claims
21

22   there are conflicting opinions as to whether or not other comparable sprinkler heads

23
     have prematurely activated.  Likewise, the allegation at paragraph 20e is taken out of
24

25   context but clearly, the language quoted from the letter does not say that "all"

26   prematurely activated VK457 sprinkler heads had voids in the solder.  Nevertheless,

27

28

---

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

the allegations go on to express an opinion regarding voids in the solder of the links. Clearly, all of the allegations in the First Amended Complaint reflect a contrary opinion with regard to the various issues surrounding the premature activating VK457 sprinkler head. All of these communications by Defendant and Plaintiff are well within the spear of their dispute that has been pending since at least the date of the first activation back in May of 2014 and the original complaint filed by FSS against VIKING in early 2015.

### c. The VIKING Plaintiffs Fail to State Facts Sufficient to State a Claim Because DEFENDANTS are immune under the Litigation Privilege. C.C.P. § 47(b).

California Code of Civil Procedure section 47(b) provides absolute privilege as to communications made in the initiation or course of a judicial proceeding. To establish the litigation privilege, the following conditions must be met: (1) the publication was made in a judicial proceeding; (2) had some connection or logical relation to the action; (3) was made to achieve the objects of the litigation; and (4) involved litigants or other participants authorized by law. *Twyford v. Twyford*, 63 Cal.App.3d 916, 925 (Cal.App. 1976), quoting *Bradley v. Hartford Acc. & Indem. Co*. 30 Cal.App.3d 818, 825 (Cal.App. 1973).

//

/

### i.  The statements were made in the initiation and course of a judicial proceeding in the underlying suits.

The privilege extends to statements outside of the courtroom and involving no function of the officers of the court. *Izzi v. Rellas*, 104 Cal.App.3d 254, 261 (Cal.App. 1980) (providing that a letter sent by an attorney to potential litigants was privileged under C.C.P. § 47).  Furthermore, the privilege is not limited to actions for defamation; the privilege is provided to protect and to further the particular interests and activities safeguarded by it. *Deaile v. General Telephone Co. of California*, 40 Cal.App.3d 841 (Cal.App. 1974). Additionally, the privilege extends to judges, attorneys and parties to private litigation. *Rader v. Thrasher*, 22 Cal.App.3d 883 (Cal.App. 1972).

### ii.  The statements made were statements of opinion and therefore are absolutely privileged.

Statements of opinion, even if defamatory, are privileged under C.C.P. § 47. *Maidman v. Jewish Publications, Inc.*, 54 Cal.2d 643 (Cal. 1960).

### d.  The VIKING Plaintiffs Fail to State Facts Sufficient to State a Claim Because DEFENDANTS Are Protected by the Common Interest Privilege.

The common interest privilege protects representations that may be defamatory if (1) there is no malice; (2) the communicator and the recipient have a common interest; and (3) the communication is of the kind reasonably calculated to protect or

further that interest.  California Civil Code § 47(c); *Family Home & Finance Center, Inc. v. Federal Home Loan Mortgage Corporation*, 525 F.3d 822, 826-27 (9th Cir. 2008).   Whether the privilege exists is a legal question for the Court. *Coast Abstract Serv. v. First Am. Title Ins. Co.*, 173 F.3d 725, 735 (9th Cir. 1999).

### i. **VIKING's allegations show that DEFENDANTS' communications are privileged.**

To show the communication is unprivileged, the plaintiff must show that the communicator and the recipient do not have a common interest in the subject matter. *Ira Green, Inc. v. J.L. Darling, Corp.*, No. 3:11-cv-05796-RJB, 2012 WL 4793005 at 31 (W.D. Wash. Oct. 9, 2012).   The focus of the analysis is on the relationship of the parties to the subject matter, not to each other. *Id.*

Under the allegations in the First Amended Complaint, DEFENDANTS communicated to homebuilders (its own customers), fire marshals, "unknown" recipients, and UL, concerning the activations of the VK457 and the cause of the activations (the subject matter).  Each of the recipients of the communications have an interest in the VK457 activations, particularly because of the safety concerns.

For instance, the homebuilders have an interest in the subject matter of the activations of the VK457 because of the safety concerns of their customers (the homeowners) as well as the potential that the homebuilders could be subject to liability if they permitted DEFENDANTS to install the VK457 sprinkler heads in

new homes. *See e.g. Flotech, Inc. v. E. I. Du Pont de Nemours & Co.*, 814 F.2d 775 (1st Cir. 1987) (providing that the right of a company to have the freedom to protect itself by communicating is more compelling if the company fears possible liability resulting from the use of a particular product).  Additionally, the communications to UL and the fire marshals all concern the activations of the VK457 to which there is an obvious concern for the welfare of homeowners.  Further, the fire marshals investigating the activations of the VK457 are tasked with overseeing fire sprinkler installation and DEFENDANTS have a right and obligation to communicate with them.

VIKING will not be able to show that the subject matter of the activations of the VK457 are not of common interest of the recipients of the alleged communications.

### ii.  <u>VIKING has not sufficiently alleged malice to overcome the common interest privilege.</u>

To overcome the common interest privilege, the plaintiff must show that the statements were made with actual malice. *Id.* at 736.  Malice must be pled with specificity and any inference must be alleged in a discernable manner. *Burnett v. National Enquirer, Inc.*, 144 Cal.App.3d 991, 1007-08 (Cal.App. 1993).  Communications made to a recipient wherein the communicator is under an obligation and the communication is made to protect and further the business

relationship, then the communications are privileged under common interest absent a showing of hatred or ill-will. *Family Home & Finance Center, Inc.*, 525 F.3d at 826-27 (providing no malice shown where loan company communicated to its lenders about the quality of investment); *see Chamilia, LLC v. Pandora Jewelry, LLC*, 85 U.S.P.Q.2d 1169 (2nd Cir. 2007) (applying the privilege to letters send to the defendant's existing customers); *see AMF Corporation v. Corporate Aircraft Management*, 626 F.Supp. 1533 (D. Mass. 1985) (finding the defendant was under a contractual obligation to communicate safety concerns regarding the plaintiff, and that such concerns were necessary to protect and further the business interests).

VIKING has not pled facts to rise to the level of malice. VIKING merely alleges that DEFENDANTS engaged in a two-year campaign to disparage its product, while VIKING omits the numerous lawsuits concerning the activations of the VK457. The facts that DEFENDANTS were under a contractual obligation with its customers (the homebuilders) to inform them of the issues of quality with the VK457 does not reflect hatred or ill-will, rather it reflects DEFENDANTS obligation to protect the interest of its customers. *See e.g. AMF Corporation v. Corporate Aircraft Management*, 626 F.Supp. 1533 (D. Mass. 1985).

VIKING alleges that DEFENDANTS ignored its warning to Attorney Knez regarding alleged communications to homebuilders of a list of activations. This

allegation alone does not reflect malice.  The allegation that VIKING's warning was ignored does not lead to an inference of hatred or ill-will.  Indeed, DEFENDANTS had an obligation to communicate with their customers, other installers and fire marshals regarding the premature activations of VIKING VK457 sprinklers because the activations had become a matter of public concern and were affecting the fire sprinkler industry. VIKING has to plead something more to show conduct rising to the level of malice.

  **e.** **Plaintiff has not pled facts to support any form of injunctive relief.**

   Plaintiff's complaint does not plead facts to show that its VIKING VK457 sprinkler head is not prematurely activating in California, other parts of the United States, or the United Kingdom.  There are no allegations of any facts to show that the sprinkler heads that are activating prematurely, do not have a design or manufacturing defect.  In fact, the only allegation in the Complaint regarding this subject is at paragraph 21 where Plaintiff simply refers to testing of "production samples" of the VK457.

   Further, it is clear from the face of the Complaint that Plaintiff has cherry-picked certain sentences or portions of sentences from documents that are not attached to the Complaint and construed those statements as being false, using conclusionary allegations.

Finally, DEFENDANTS are currently facing numerous subrogation claims including subrogation lawsuits. [See Request for Judicial Notice.]  More subrogation claims are coming until the VIKING VK457 sprinkler heads still in homes, are removed.  Plaintiff's Request for Injunctive Relief would unconstitutionally restrain Defendant's ability to defend those claims.

## IV.   CONCLUSION

The Motion to Dismiss should be granted and the Court should not allow Plaintiff leave to amend. The alleged disparate statements which are the subject of Plaintiff's Complaint are clearly within the gambit of the multiple lawsuits now pending in California.  Even if the Court assumes as true, each and every allegation in the Complaint and overlooks the multiple problems with the allegations themselves, clearly the statements are constitutionally protected for the multiple reasons outlined above.  Indeed, if the claims in this case were allowed then there would be lawsuits like Plaintiff's claims in this case, in every products liability case in the country. More specifically to this case, if the claim brought by Plaintiff in this case was allowed then fire sprinkler installers would be hesitant to communicate with Fire Marshals when Fire Marshals solicit information from installers regarding the failure

1  of sprinkler heads.  No amount of artful pleading can allow for the lawsuit brought by

2  Plaintiff's in this case.

3

4

5

6  DATED: February 3, 2017                    KNEZ LAW GROUP, L.L.P.

7

8                                             By:    /s/ Fred J. Knez
                                                     FRED J. KNEZ
9                                                    ANDREW J. KNEZ
10                                                   MATTHEW J. KNEZ

11                                             Attorneys for Defendants, HAROLD
                                               RODGERS, an individual; JOHN PATRICK
12                                             HULLEMAN, an individual; FIRE
                                               SPRINKLER SYSTEMS, INC.; and THORPE
13                                             DESIGN, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Electronic Service List for this Case.

DATED: February 3, 2017          KNEZ LAW GROUP, L.L.P.

                                 By:   /s/ Fred J. Knez
                                       FRED J. KNEZ
                                       ANDREW J. KNEZ
                                       MATTHEW J. KNEZ

                                 Attorneys for Defendants, HAROLD
                                 RODGERS, an individual; JOHN PATRICK
                                 HULLEMAN, an individual; FIRE
                                 SPRINKLER SYSTEMS, INC.; and THORPE
                                 DESIGN, INC.